# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RICHARD WAGNER,** | ) | **Case No. 1:18-cv-58** |
| | ) | |
| **Plaintiff,** | ) | **Judge Susan J. Dlott** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **VIKING PARTNERS KENWOOD, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## CONSENT DECREE AND ORDER

---

WHEREAS, Plaintiff Richard Wagner ("Wagner") filed this action against Viking Partners Kenwood, LLC an Ohio limited liability company ("VPK"), in the United States District Court for the Southern District of Ohio, Case Number 1:18-cv-58.

WHEREAS, Wagner alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and Ohio Disability Discrimination Law, O.R.C. §4112.01 et seq. at a facility commonly referred to as "Kenwood Galleria" located at 8118 Montgomery Road, Cincinnati, Ohio 45236(the "Property");

WHEREAS, the Parties desire to resolve this matter, without further formal proceedings and have voluntarily entered into this consent decree;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Decree and Order, the parties request the Court to enter consent judgment accordingly.

A.    Undertakings by VPK: Without admitting liability, in response to and in settlement of the allegations contained in Wagner's Complaint and all other allegations brought or which could have been brought in this action with respect to this Property, VPK agrees to, within one year following the Court's entry of this Consent Decree, subject to a reasonable

1

extension due to acts of God, force majeure, or events beyond the control of VPK such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages, perform the following:

1. VPK will insure that there is the required number of van accessible spaces with minimum required aisle width;

2. VPK will insure that the Jimmy John's location at the Property has the required number and size of accessible dining surfaces and restroom signage that complies with the law;

3. VPK will lower the ramp handrails, located on the ramp at the south exterior of the building leading to the lower level lobby, to be between 34 and 38 inches above the finish floor, and

4. VPK will have in place reasonable policies and procedures for the assistance of disable persons.

B. Undertakings by Plaintiff Wagner: Wagner agrees that he is releasing VPK and VPK's parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities, and any and all other clams, whether known or unknown, from the beginning of the world to the date of the entry of this Consent Decree and Order.

Wagner further agrees that the completion of the above-referenced Undertakings by VPK will fully resolve his claims against VPK in the above-captioned matter, and consents to the Court's dismissal of this matter.

C. Upon completion of the above, the Court and the Parties agree that the Property is in compliance with the Americans with Disabilities Act and Ohio law to the extent readily achievable.

D. VPK shall pay (or cause to be paid) Seven Thousand Five Hundred Dollars and

2

xx/100 ($7,500). Payment shall be made to the order of "Richard Wagner and Owen Dunn Jr., his attorney" and delivered to Plaintiff's counsel within ten (10) days of the Court's entry this Consent Decree. This shall represent full and complete payment for all claims of Wagner and Wagner's representatives, including Wagner's counsel of record. Wagner and Wagner's representatives, including Wagner's counsel of record, hereby acknowledge that with respect to Wagner's claims in the matter *Richard Wagner v. Viking Partners Kenwood, LLC* they are not entitled to and will not receive any compensatory damages, punitive damages, injunctive relief, attorneys' fees, costs, or any other form of relief other than the relief expressly provided for in this Consent Decree. Wagner and Wagner's counsel affirm that there are no liens, claims or restrictions on their ability to accept such payment, and agree to fully hold harmless and indemnify Viking Partners Kenwood, LLC and their management, agents, employees, counsel and insurer against any and all liens or claims made against said settlement payment.

E.      The parties have requested the Court to dismiss the case with prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Southern District of Ohio. The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation.

F.      Based upon the foregoing, the Court finds that this Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. The Court enters judgment accordingly:

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that each party be and

they are hereby ordered to comply with the terms and conditions of this Decree and Order entered into as a result of the settlement of the Parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon completion of the responsibilities set forth in this Decree and Order, that Defendant be and is hereby found to be in compliance with the Americans with Disabilities Act, 42 U.S.C.§ 12101 et. seq. and in compliance with Ohio Law as of the date of this Judgment Entry.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with the concurrence of each of the parties, this matter be DISMISSED WITH PREJUDICE and, that the jurisdiction of this Court is reserved to enforce the terms and conditions of this Decree and Order.

The Clerk of Court is directed to enter judgment accordingly.

Dated: 2/23/18

Honorable Susan J. Dlott
United States District Court Judge

Approved for entry by:

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ Michael A. Roberts
Michael A. Roberts, Counsel for the Defendant